## SCINTILLA RULE NOT APPLICABLE TO WILL CONTESTS.

Common Pleas Court of Franklin County.

MARY SCHNEIDER ET AL V. C. R. REITELBACH ET AL.

Decided, October, 1914.

*Wills—Contest of—Trial by Jury in such Actions Not a Constitutional Right But a Statutory Sanction—Presumption of Validity and What is Required to Warrant Submission to the Jury—Procedural Rights Under the Original Code as Distinguished from Statutory Remedies.*

1. The civil action created by the code, embracing as it does only the common law and equity actions, does not include the statutory remedy of contest of wills, in so far as the latter may be invested with the procedural incidents of the former.

2. The procedural rights which are attached to the original code of civil action such as right of appeal, constitutional trial by jury, and power of non-suit, do not apply to statutory remedies and other civil actions triable by the jury created by the Legislature pursuant to its power to extend such right.

3. The proceeding to contest a will is a statutory remedy or action, in which the right of trial by jury exists not by constitutional right but by statutory sanction. Hence it follows that the power of non-suit and the scintilla rule do not have specific application to such proceeding marking off the powers of court and jury as it does in the original civil action. The scintilla rule can have no application to such remedy because of the presumption of the validity of the will arising from the order of probate. To warrant submission of such a case to the jury the evidence must be such as not only to counterbalance such presumption, but to also tend to show lack of appreciation by the testatrix of her surroundings, of her relatives and their deserts and of her property. If it does not so tend to such appreciable extent as to counterbalance the pre-

sumption of the validity of the will, and to prove the essentials of want of capacity to make a will, the function and duty of the court is to apply the law, and enter up judgment in favor of those sustaining the will.

*Badger & Ulrey,* for plaintiffs.
*Abernathy & Davis,* contra.

KINKEAD, J.

This is a proceeding to contest a will. At the close of plaintiffs' evidence a motion for judgment in favor of defendants was made. The question is one of power of the court in such cases, there being but a bare scintilla of evidence. This is a statutory remedy, not within the original contemplation of the civil action created by the code to which is attached the scintilla rule and power of non-suit. The power of granting a non-suit logically and historically applies only to the "civil action" created by the code, which embraces only common law and equitable actions. The rights and remedial processes incident to these classes of actions have at all times been recognized as part thereof and applied in procedure under the code as formerly, unless some provision is made to the contrary. Bench and bar have not always been mindful of the truth about these matters. The constitutional amendment conferring jurisdiction on courts of appeal in the trial of *chancery* cases is a striking instance where we are taken back to the truth about the law relating to the distinction between actions. It is indisputable that the civil action was not intended to take the place of statutory remedies of partition, dower, the extraordinary remedies, contest of wills, etc. The report of the codifying commission so specifically stated, and the courts specifically recognized the fact that the civil action was a substitute for all such judicial proceedings as were previously known as actions at law or suits in equity, and therefore did not embrace mandamus (*Chinn* v. *Trustees,* 32 O. S., 236). Statutory partition was not recognized as a civil action, but a special statutory proceeding (*Barger* v. *Cochran,* 15 O. S., 460). On the contrary, a suit in partition which is purely equitable, rather than merely statutory, was recognized as a civil action to be at-

tended with the remedial rights incident thereto (*Linton* v. *Laycock*, 33 O. S., 128). The importance of observing these essential distinctions is in properly applying the remedial rights incident to the action which its nature and character demands. For example, no appeal can be taken in pure statutory partition (*Barger* v. *Cochran*, 15 O. S., 460). But an appeal may be had in a strictly equitable partition (*Linton* v. *Laycock*, 33 O. S., 128). The limitations for commencing actions. were held applicable to civil actions and not to mandamus (*Chinn* v. *Trustees*, 32 O. S., 236). These are convincing illustrations of the character of the civil action as distinguished from other remedies.

Bench and bar wandered away from these original ideals, coming to regard all statutory and extraordinary remedies as entitled to the remedial rules and incidents attached to the original civil action. Appeals were finally taken in statutory and extraordinary remedies on the ground that the statute authorized this mode of procedure because the right of trial by jury did not exist in such cases. So firmly entrenched was this idea in the minds of bench and bar that strong protest was made against the recent constitutional limitation of the trial of *chancery cases*, as if it was depriving litigants of long existing remedial rights. Such was not the case, for this amendment reenacts the law as it originally stood. When the code was enacted appeals were taken alike in law and equity cases. Recognizing the actual distinction between such cases under the code, the Legislature amended the statute limiting the right of appeal to cases in which the right to trial by jury does not exist. This amendment was made in 1859, and was made to conform to the ideas of the codifying commission as to the scope and meaning of the civil action, and to preserve the same methods of appellate procedure as had prevailed in the old procedure.

The interpretations of the code in relation to the procedural rights incident to the civil action were made with these things in mind. So when the non-suit and scintilla rule was established in *Ellis* v. *Insurance Co.*, 4 O. S., 628, it had reference solely to the civil action, which, according to the report of the

commission and the intent of the Legislature, embraced only law and equity actions and excluded statutory and extraordinary remedies. We have considered historically the doctrine and power of non-suit in *Nicholson* v. *Scioto Traction Co.*, 14 N.P.(N. S.), 177. Its present day force and effect is later dealt with in *Gibbs* v. *Village*, 88 O. S., 18.

It is clear that the power to enter a non-suit exists only in the original civil action created by the code in the class of cases in which the right to trial by jury is inviolate under the Constitution. The scintilla rule marks the boundary line between the function of judge and jury. This power and the rule of evidence accompanying it has no application to other statutory remedies such as contest of wills, which is an extension of the right of jury to cases not originally contemplated. The scintilla rule of evidence has no relation to such cases. The procedure and the respective functions of judge and jury are prescribed by statute.

The issue "shall be tried by the jury" (General Code, Section 12082). The provision that the issue whether or not the writing is the will of the testator shall be tried by the jury would seem to require a submission of the case to the jury.

But the statutes and the law contemplates that though an issue be made up as required by statute, still when the evidence is produced there must be something to submit. The requirement of the statute does not contemplate that the court shall abrogate its power to declare the law. It is contemplated that there must be enough evidence offered by the contestant to in some degree prove that the testator did not have sufficient mental power to comprehend his own property, or to know the extent of his property, and the objects of his bounty and their deserts.

In *Wagner* v. *Ziegler*, 44 O. S., 67, the court treats the trial as analogous to a common law jury, holding that when the evidence is all in, the court determines whether any evidence has been given to sustain the claim of the party contesting. It holds that the statute requiring that the issue shall be tried to a jury was not intended to dethrone the court and make the jury su-

preme.    The court holds that where the evidence does not tend to prove the issue a verdict may be directed.

There may be but a scintilla of evidence that merely tends to prove the issue.    In such case the court may determine as a matter of law whether such scintilla is sufficient to counterbalance the presumption created by law.

In this case some eccentricities were shown, but it appeared that the testatrix was specially solicitous about her property and that she fully comprehended her relations to her relatives. There was indeed no evidence raising controversy concerning the essential requirements of the law requiring a submission to the jury.    The disease with which the testatrix was afflicted was not shown to have had any appreciable effect upon her mental powers until the first acute attack in the last stages which was after the will was made.

None of the witnesses gave sufficient incidents which may be sufficiently regarded as having a tendency to show lack of appreciation of her surroundings, of her relatives, or of her property.    On the contrary, being of Catholic faith and accustomed to follow her church and faith more strictly than do other sects, being alone and not having had intercourse between her relatives for a considerable period, her thoughts naturally turned to the persons who represented the religion or faith that she had followed a lifetime, and hence gave her property to the church.

The order is that the case is arrested from the jury, which is discharged from further consideration of the case, and judgment is entered in favor of the defendants.